# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT STRONG,<br><br>                                       Plaintiff,<br>  vs.<br><br>FRANCES M. O'REILLY, TRUSTEE OF THE FRANCES M. O'REILLY FAMILY TRUST INITIALLY CREATED FEBRUARY 1, 1995,<br><br>                                       Defendant. | CASE NO. 16cv1894-LAB (BGS)<br><br>**ORDER DENYING MOTION FOR LEAVE TO SERVE BY PUBLICATION; AND**<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL** |

      Plaintiff Matt Strong filed this action on July 27, 2016, bringing claims under the Americans with Disabilities Act and supplemental state claims. The Defendant, Francis O'Reilly, was alleged to be the owner of a shopping center where Strong wanted to shop. Strong has now filed an *ex parte* motion for leave to serve O'Reilly by publication. (Docket no. 3.)

      The application says that it appears O'Reilly died in 2011, and it appears her son is Thomas Kenny now the property owner. Under Fed. R. Civ. P. 4(e)(1), federal service can be effected by following state law requirements for service. Here, that means Strong can serve the new Defendant as provided by California law. Under Cal. Code Civ. Proc. § 415.50, a party who cannot be served by a better method after reasonable diligence can

1 | be served by publication. Here, however, Strong has not been diligent. Instead, his motion
2 | shows he has focused his efforts mainly on trying to serve O'Reilly, whom he knows is dead.
3 | His theory is that because the trusteeship has not properly been transferred to Kenny,
4 | O'Reilly is in fact the proper party in interest and must somehow be served. (*See* Docket no.
5 | 3 at 13–18.)

6 |     Because ownership of land is a matter of public record, it is generally possible with
7 | reasonable diligence to find out who owns shopping centers or other buildings, and to serve
8 | that person or entity. *See, e.g., Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306,
9 | 318–19 (1950). Strong's motion does not show that he has exercised reasonable diligence
10 | in trying to find and serve that person or entity. His motion is therefore **DENIED**.

11 |     The motion raises an additional problem for Strong. The Court's enjoining the
12 | deceased O'Reilly would obviously be futile. Furthermore, the Court cannot effectively enjoin
13 | a successor-owner or successor-trustee by publication, particularly if that person isn't named
14 | in the complaint or summons. *See* Fed. R. Civ. P. 65(d)(2) (delinating who is bound by an
15 | injunction). And because injunctive relief is the only kind of relief available to private parties
16 | under the ADA, *see Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1174 (9th Cir.
17 | 2010), all federal claims against O'Reilly are moot. That being so, the Court cannot exercise
18 | jurisdiction over the supplemental claims either. *See Scott v. Pasadena Unified Sch. Dist*.,
19 | 306 F.3d 646, 664 (9th Cir. 2002) (where a court lacks jurisdiction over federal claims, it has
20 | no discretion to retain supplemental jurisdiction over the state law claims). At present,
21 | neither the complaint nor the summons name a Defendant that the Court can exercise
22 | jurisdiction over or enjoin. Before proceeding further, Strong <u>must</u> amend his complaint to
23 | name a proper Defendant. When he does so, the Clerk is directed to issue a summons.

24 |     Strong is **ORDERED** to amend his complaint no later than **<u>Tuesday, October 11,</u>**
25 | **<u>2016.</u>** If he fails to amend within the time permitted, this action will be dismissed for lack of
26 | jurisdiction and for failure to prosecute.

27 |     If Strong needs more time to investigate a proper Defendant, he must file an *ex parte*
28 | application explaining what steps he has already taken, what steps he will take to discover

who the proper Defendant is, and how long he estimates he will need to complete his investigation.

**IT IS SO ORDERED**.

DATED:  September 27, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge